**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————

No. 22-2177

———————

UNITED STATES OF AMERICA

v.

MANUEL GUILLERMO CARRILLO,

Appellant

———————

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. No. 3:22-cr-00126-001)
District Judge:  Honorable Malachy E. Mannion

———————

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
on November 6, 2025

———————

Before:  PHIPPS, ROTH, and RENDELL, *Circuit Judges*

(Filed: June 11, 2026)

———————

OPINION[*]

———————

ROTH, *Circuit Judge*.

Manuel Guillermo Carrillo was convicted of possessing a prohibited object

designed or intended to be used as a weapon, in violation of 18 U.S.C. § 1791(a)(2).

———————

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Carrillo appeals his conviction, arguing that the government did not prove § 1791's jurisdictional element, and that the District Court erred in denying his request for a justification instruction. Carrillo also requests that we vacate his sentence and remand for resentencing in light of Amendment 821 to the Sentencing Guidelines. Although we conclude that neither of Carrillo's arguments challenging his conviction pass muster, we agree with him that resentencing is warranted and remand to the District Court accordingly.

## I.

Carrillo was serving a 60-year sentence for federal drug offenses when he became involved in an altercation with Manuel Telles, another inmate. Carrillo then went to his cell to get a makeshift knife, or "shank," in prison parlance.[1] Following a brief exchange, the men stabbed each other with their respective shanks.

Carrillo was charged with three counts: (1) assault with a dangerous weapon with intent to do bodily harm, in violation of 18 U.S.C. § 113(a)(3); (2) assault resulting in serious bodily injury, in violation of 18 U.S.C. § 113(a)(6); and (3) possession of a prohibited object designed or intended to be used as a weapon, in violation of 18 U.S.C § 1791(a)(2) and (b)(3). During trial, Carrillo asked the jury to be instructed that justification is a valid defense to all three counts.[2] The District Court granted Carrillo's requested justification instruction for the assault charges but denied the instruction for the possession

---

[1] *United States v. Sahakian*, 453 F.3d 905, 907 n.3 (7th Cir. 2006) ("In prison colloquialism, the term 'shank' refers to a crudely fashioned prison-made knife.").

[2] Although Carrillo uses the term "self-defense," our Circuit groups the common law defenses of duress, necessity, and self-defense together under the umbrella term "justification." *See United States v. Alston*, 526 F.3d 91, 94 n.3 (3d Cir. 2008).

2

charge. Carrillo was ultimately convicted of only the possession charge, and the District Court sentenced him to 18 months of imprisonment to run consecutively to his ongoing 60-year sentence. Carrillo appealed.

## II.[3]

### A.

Carrillo challenges his conviction for two reasons. *First*, Carrillo argues that the District Court did not have subject matter jurisdiction over his case because the indictment did not allege that his offense occurred within "the special maritime and territorial [j]urisdiction of the United States."[4] *Second*, Carrillo contends the District Court erred in denying his request for a justification instruction for the possession charge. Both of Carrillo's arguments fail.

Carrillo's jurisdictional argument is devoid of merit. We evaluate de novo a District Court's jurisdiction, and we readily conclude that the court had jurisdiction over this case.[5] Carrillo's indictment did not need to specify where his offense occurred because he was charged with violations of federal law.[6] The location of his alleged crime had no bearing on the District Court's jurisdiction over his case since federal district courts have subject matter jurisdiction over all violations of federal law.[7] Although § 1791 required

---

[3] The District Court had jurisdiction under 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).
[4] Appellant Br. 6.
[5] *Castro v. United States Dep't of Homeland Sec.*, 835 F.3d 422, 429 (3d Cir. 2016).
[6] 18 U.S.C. § 113(a)(3); 18 U.S.C. § 113(a)(6); 18 U.S.C § 1791(a)(2); 18 U.S.C § 1791(b)(3).
[7] 18 U.S.C. § 3231.

3

the government to prove beyond a reasonable doubt that Carrillo was a federal inmate, that requirement goes to an element of the offense, not to the court's jurisdiction. In any event, because there is no dispute that Carrillo was an inmate of a federal prison at the time he was charged, we can easily dispose of Carrillo's jurisdictional argument.

Carrillo's justification instruction argument is also meritless. Because Carrillo did not object to the District Court's proposed jury instructions, we apply plain error review to the court's omission of a justification instruction for the possession charge.[8] We discern no plain error on the part of the District Court because we agree that the evidence did not support a justification instruction. While our Circuit has not specifically addressed whether a justification defense is available under § 1791, two of the requirements we have outlined for asserting that defense in the felon-in-possession context include being "under unlawful and present threat of death or serious bodily injury" and having "no reasonable legal alternative (to both the criminal act and the avoidance of the threatened harm)."[9] In *United States v. Sahakian*, the United States Court of Appeals for the Seventh Circuit used a similar test to deny a § 1791 defendant's request for a justification instruction.[10] The court held that the defendant did not establish either a present threat of serious harm or "that he had exhausted all other reasonable legal alternatives before he decided to take matters into his own hands."[11]

---

[8] *See Gov't of the Virgin Islands v. Mills*, 821 F.3d 448, 456 (3d Cir. 2016).
[9] *Alston*, 526 F.3d at 95.
[10] *Sahakian*, 453 F.3d at 910–11.
[11] *Id.*

Similarly, in the present case, Carrillo cannot show that his prohibited possession of the shank was justified by any present threat of serious harm. Carrillo asserts that because prisons are dangerous places, his possession of the shank "was justified for the time necessary to have it at the ready upon being attacked."[12] That contention, however, is insufficient to establish an imminent threat. Moreover, permitting inmates to carry shanks based on the inherent dangers of prison would only exacerbate, not mitigate, those dangers. In addition, Carrillo's leaving to get his shank during the meeting with Telles further undermines any assertion of an impending threat—if anything, his actions made confrontation more likely. Lastly, Carrillo fails to satisfy a requisite element of the justification defense because he does not contend that he exhausted other reasonable legal alternatives before retrieving his shank. Consequently, we conclude that the District Court made no plain error when it omitted the justification instruction for the possession charge.

**B.**

Carrillo requests that his sentence be vacated in light of Part A of Amendment 821 to the Sentencing Guidelines. We agree. Part A of Amendment 821, which applies retroactively, eliminated status points for defendants who commit a new offense "while under a criminal justice sentence" provided they otherwise have six or fewer criminal history points.[13] Because Carrillo committed the § 1791 offense while in federal custody, the District Court added two "status points" at sentencing, bringing his criminal history score to five. That score placed him in the criminal history category of III, which gave him

---

[12] Appellant Br. 21.
[13] U.S.S.G. § 1B1.10(d) cmt. n.7.

5

a sentence range of 18 to 24 months. However, because Carrillo currently has five criminal history points, Amendment 821 would reduce that total to three, placing him in Criminal History Category II with an applicable sentence range of 15 to 21 months. Accordingly, we vacate Carrillo's sentence and remand to the District Court to resentence him in light of his amended criminal history category.

### III.

For the foregoing reasons, we affirm Carrillo's conviction, vacate his sentence, and remand for proceedings consistent with this opinion.